#### UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL JONES,<br><br>        Plaintiff,<br><br>v.<br><br>SAFR TECHNOLOGIES, INC., SYED GILANI, CHIME FINANCIAL INC., and VINEET MEHRA,<br><br>        Defendants. | Case No. 1:24-cv-13082<br><br>REMOVED FROM THE COMMONWEALTH OF MASSACHUSETTS, HAMPDEN SUPERIOR COURT, CASE NO. 2479CV00673 |

#### NOTICE OF REMOVAL

Defendants SAFR Technologies, Inc. and Syed Gilani, ("Defendants"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, submits this Notice of Removal with respect to the above captioned case from the Commonwealth of Massachusetts, Hampden Superior Court. In support of its Notice of Removal, Defendant states as follows:

#### BACKGROUND AND TIMELINESS

1. On or about November 12, 2024, Plaintiff Paul Jones ("Jones" or "Plaintiff") filed his complaint in the Commonwealth of Massachusetts, Hampden Superior Court, titled, *Paul Jones v. Chime Financial Inc. et al.,* Docket No. 2479CV00673 (the "State Court Action").

2. On November 24, counsel for Defendant SAFR Technologies, Inc. and Syed Gilani were served with a copy of the Summons and Verified Amended Complaint on its behalf. A copy of all "process, pleadings and orders" received by Defendant in the state court action are attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

3. Because Defendants have filed this Notice of Removal within thirty days of receipt of the Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(3); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 74 (1st Cir. 2014).

**THE CASE IS REMOVABLE BASED ON FEDERAL QUESTION JURISDICTION**

4. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. In this case, the requirements of 28 U.S.C. § 1331(a) have been met because Plaintiff brings a claim against Defendant under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"). *See* **Exhibit A**, Count I.

6. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Accordingly, because this action alleges violations of the TCPA and Title VII, this action arises under federal law. 28 U.S.C. § 1331. The Court thus has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

8. Additionally, this Court has supplemental jurisdiction over Plaintiff's companion state law claims under Massachusetts Chapter 151B (Ex. A, Count II) and common law (Ex. A, Count III) pursuant to 28 U.S.C. § 1367.

**VENUE AND NOTICE**

9. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 101, this Court embraces the Hampden Superior Court, Commonwealth of

Massachusetts. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

10. Prompt written notice of this Notice of Removal has been sent to Plaintiff, and to the Clerk of Court for Hampden Superior Court, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as **Exhibit B**.

## CONCLUSION

11. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. §§ 1441(a).

12. Defendants submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

13. Should Plaintiff seek to remand this case to state court, Defendants respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendants respectfully requests that the Court retain jurisdiction and allow Defendants to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendants requests that the above-described action pending against it be removed to the United States District Court for the District of Massachusetts. Defendants also request all other relief, at law or in equity, to which it justly is entitled.

DATED: December 13, 2024

Respectfully submitted,

SAFR TECHNOLOGIES, INC. and SYED GILANI,

By its attorneys:

*/s/ Christopher F. Robertson*
Christopher F. Robertson (BBO No. 642094)
crobertson@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210
Telephone:    (617) 946-4800
Facsimile:    (617) 946-4801P

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2024, a copy of the foregoing Notice of Removal was filed electronically through the Court's ECF system. Paper and electronic copies were served on the following counsel for plaintiff:

Paul Jones
79 Thompson Street
Springfield, MA 01109
(413) 302-6079
PJ22765@gmail.com

*Pro Se*

*/s/ Christopher F. Robertson*
Christopher F. Robertson

4