Pilgrim Christakis LLP

One South Dearborn Street, Suite 1420

Suite 1420

Chicago, IL 60603

312-939-6580

Email: nspilman@pilgrimchristakis.com

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

PAUL JONES,

                          Plaintiff,

v.

SAFR TECHNOLOGIES , INC

SYED GILANI

CHIME FINACIAL INC. dba Sendwave

VINEET MEHRA

                          Defendant,

**Case: 1:24-cv-13082**

**JURY DEMAND**

## VERIFIED AMENDED COMPLAINT

1. Paul Jones ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Massachusetts Telephone Solicitation Act, M.G.L., c. 159C, (the "MTSA"), the Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) ("TCPA") a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).

2. Defendants Safr Technologies, Inc., ("Safr") ,Syed Gilani is the Chief Executive Office ("CEO") of Safr, Chime Financial Inc. ("Chime") , and Vineet Mehra ("Vineet") promote their goods and services by engaging in unsolicited text messaging without plaintiffs express written consent which is contrary to 47 U.S.C. § 64.1200(c)(2) and M.G.L., c. 159C.

3. Businesses that violate Massachusetts telemarketing Sales Act ("MTSA") Laws and Telephone Consumer Practices Act ("TCPA") laws are subject to harsh penalties. TCPA fines are steep, ranging between $500 and $1500 per each individual violation. MTSA fines are steep as well $5000 per violation.

4. The Plaintiff has had no prior dealings or business transactions, or interactions with any of the defendants Chime, Vineet, Safr or CEO , nor do I have any outstanding obligations or connections to them. The Plaintiff's only association with these companies has been through the repeated, unsolicited calls (text messages) I received on my home (cellular telephone) phone number.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA").

6. Venue is proper in this jurisdiction as the Plaintiff resides in Massachusetts, and the violations occurred within the state, and defendants Chime provides their business activities to this District, Defendant Chimes unauthorized Telemarketing marketing scheme was directed to consumers in this District, and because Defendant Chimes

transact business in Massachusetts and/or contract to supply services or things in Massachusetts.

## PARTIES

7. Plaintiff ("Paul Jones") is a natural person who, at all times relevant to this action, has been and is a resident of Springfield, Massachusetts located in Hampden County.

8. Defendant Safr Technologies, Inc., ("Safr") is a corporation incorporated under the laws of the State of Delaware, and Safr has an office and principal place of business at 1946 Washington Street, Unit 35, Auburndale, MA 02466.

9. Defendant Syed Gilani is the Chief Executive Office ("CEO") of Safr Technologies Inc. In this role, he oversees Safr  marketing strategies developing impactful marketing and advertising campaigns and over sees Safr day to day operation and writes and approves marketing campaigns including text campaigns.

10. Defendant Chimes Financial Inc. ("Chime") is a financial technology company that offers banking services through its mobile app, located at 101 California St Ste 500 San Francisco, CA 94111-5802 with its headquarters located in Los Angeles, California.

11. Vineet Mehra ("Vineet") serves as the Chief Marketing Officer (CMO) at Chime Financial Inc., a leading financial technology company. In this role, he oversees Chime's marketing strategies, focusing on growth initiatives and developing impactful marketing and advertising campaigns and customer-centric marketing has been instrumental in advancing Chime's mission to provide accessible and affordable banking solutions.

## FACTUAL BACKGROUND

12. Plaintiff's telephone numbers, 617-939-5417 has been registered on the National and Massachusetts Do Not Call Registries ("DNC") since August 7, 2014,  and plaintiffs

number ,413-302-6079 has been on the DNC list since July 19, 2023, as my residential number and for more than 30 days prior to the events described herein against defendant Chime and Chief Marketing Officer Vineet. See Exhibit 1.

13. Plaintiff is the subscriber of 617-939-5417 and 413-302-6079 and uses this numbers exclusively for his personal purposes, and it serves as plaintiffs residential lines.

14. Defendant Safr, CEO, Chime and Vineet, using an automatic telephone dialing system ("ATDS"), through agents and or third-party telemarketers placed several unwanted unauthorized unsolicited telemarketing text messages ("Calls") [1] within a 12 month period to plaintiffs cellular telephone numbers 617-939-5417 and 413-302-6079.

15. On April 24, 2024, at approximately 7:25 AM,

16. Defendant Safr, CEO, Chime and Vineet text messages (Calls) placed or caused the calls to be placed to plaintiffs cellular telephone numbers which were contrary to the TCPA, MTSA, M.G.L.c 93 A. and the 201 C.M.R. § 12.02(1).

## DEFENDANTS SAFR AND CEO TEXT MESSAGES

17. On October 16, 2024, at 9:11 AM Defendant Safr sent the plaintiff the first of four unauthorized text message to my cellular telephone 617-939-5417 from telephone number 567-704-2918.

18. On Tuesday November 5, 2024, at 10:00 AM defendant Safr again sent a second unauthorized text message to plaintiff cellular telephone 617-939-5417 from telephone number 567-704-2918.

---

[1] "Even one unsolicited, automated text message" is "a concrete and particularized injury" that provides Article III standing. Chennette v. Porch.com, 50 F.4th 1217, 1222 (9th Cir. 2022).

19. On Saturday November 9, 2024, *at 6:00 AM* and on Monday November 11, 2024, at *6:00 AM* defendant Safr again sent unauthorized text messages to plaintiff cellular telephone 617-939-5417 from telephone number 567-704-2918 to sell plaintiffs it product and services.







20. Defendant Safr and CEO text messages on Saturday November 9, 2024, at 6:00 AM and on Monday November 11, 2024, at 6:00 AM where contrary to the TCPA C.F.R. 64.1200(c)(1-2) and MTSA 201 CMR 12.03. rules of calling before 8 am.

21. Defendants Safr was attempting to sell plaintiffs it product of NEMT SOFTWARE and a yearly subscription that would allow plaintiff to Track drivers live to Monitor each driver of a Transportation company to ensure safe and efficient transportation.

22. Defendant Safr products also included a Credit Card Processor and an Invoicing & Billing Machine (Product) that would take the complexity out of my billing and improve my payables with real time invoicing and monitoring tools that would give me understanding of my financial health of my business in real time.

23. Defendants Safr and CEO only problem is plaintiff is no longer in the Transportation business anymore, and I have never given Safr or CEO authorization to call any of my home telephone numbers.

24. Defendant Safr, CEO, Chime and Vineet were, not registered with the Massachusetts Office of Consumer Affairs and Business Regulation ("Office") at the time they sent the text messages, as required under M.G.L. c. 159C, which were contrary to M.G.L.c 93A further violating Massachusetts state regulations.

25. Defendant' Safr, CEO, Chime and Vineet failure to register as a telemarketer in Massachusetts and to get plaintiffs written express permission to text my home phones were (1) knowing and willful; (2) Defendants Safr, CEO, Chime and Vineet, did not provide training to their personnel and or agents engaged in telemarketing; and/or (3) failed to maintain a reassigned list of numbers from the FCC to scrub against their telemarketing list.

## DEFENDANTS CHIMES AND VINEET TEXT MESSAGES

26. Defendant Chime and Vineet texted plaintiff or authorized the text to be sent to the
Plaintiff on April 24, 2024,at 7:25 AM two times and the text messages stated, " The
phone number on your Chime account has been updated to 413-246-8803" Plaintiff has
never had a Chime account or has anything to do with telephone number 413-246-8803
these calls where in violation of the Massachusetts Telemarketing Sales Act, 201 C.M.R.
§ 12.02(1), and other applicable statutes and regulations.



## THE TELEPHONE CONSUMER PRACTICES ACT

27. In 2013, the FCC required prior express written consent for all autodialed or prerecorded
telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it

ordered that: *"[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service".[]* See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012).

### THE NEW TSR RECORD KEEPING RULE

28. The TSR required a telemarketer to keep "All verifiable authorizations or records of express informed consent or express agreement required to be provided or received under this Rule." These consent records have to be kept for a period of 24 months.

29. Under the new rule, there is now a five year record retention period. And the scope of what is needed has been expanded. The expansion was necessary to allow the Commission to "clarify what constitutes a complete record of consent sufficient for a telemarketer or seller to assert an affirmative defense."

30. Defendants Safr, CEO, Chime and Vineet failed the new record keeping rule under 16 C.F.R. § 310.5(a)(8) of the Telemarketing Sales Rule went into effect on May 16, 2024. However, compliance with section 310.5(a)(2) is not required until October 15, 2024: The new rule, which will be in 16 C.F.R. § 310.5(a)(8), requires a complete record of consent to be retained. This complete record must include the following items:

1. the name and telephone number of the person providing consent;

2. a copy of the request for consent in the same manner and format in which it was presented to the person providing consent;

3. the purpose for which consent is requested and given;

4. a copy of the consent provided;

5. the date consent was given; and

6. documentation specific to consent around billing information required by other sections of the TSR.

31. Through this action, Plaintiff seeks injunctive relief to halt Defendants Chimes Financial Inc. ("Chime") and Vineet illegal conduct.

## VICOURIOUSLY LIABLE

32. The TCPA and MTSA Imposes Personal Liability on Individuals who Participate in or Commission the TCPA Violations

33. Under the TCPA and MTSA, Defendant Chime and its officer Vineet are personally liable for the actions alleged in this complaint, per 47 U.S.C. § 217. Chime initiated a text message marketing campaign, using and authorizing third-party telemarketers to send texts to the plaintiff to promote Chimes products and services. Chime approved or reviewed the telemarketing scripts, submitted them, and directed third-party agents to send the texts. These telemarketers acted as agents for Chime, with Chime granting them access to its information and systems. The defendant Chime and Vineet and or third

party agents and telemarketers quoted price and products the defendant Chimes were selling. [2]

34. Vineet Mehra, as Chief Marketing Officer (CMO) at Chime Financial Inc., holds significant responsibility in overseeing and implementing the company's marketing and telemarketing strategies, which include directing impactful campaigns and managing customer engagement efforts. Given his oversight of all marketing scripts and communication strategies utilized in outreach to consumers, Mehra has direct authority over the content and methods Chime employs in reaching potential clients, including the telemarketing and text messages sent to consumers, such as the plaintiff. Moreover, Mehra's failure to register Chime Financial Inc. with the Massachusetts authorities as a licensed telemarketer further demonstrates a lapse in regulatory compliance, making him vicariously liable for the telemarketing communication the plaintiff received outside of permissible hours. This oversight in ensuring Chime's adherence to the Do Not Call and permissible calling regulations directly implicates Mehra, as his role involves both the authorization and supervision of telemarketing practices, which were executed without proper registration and in violation of timing restrictions under Massachusetts law.

35. Defendant Vineet Mehra, along with other officers and agents are responsible for compliance , and is personally liable under the "participation theory" of liability as they actively controlled company policies, daily operations, and the telemarketing practices violating the TCPA and MGL 159.

---

[2] "The U.S Supreme Court has held "the Federal Communications Commission has ruled that, under federal common-law principles of agency, there is vicarious liability for TCPA violations. In re Joint Petition Filed by Dish Network, LLC, 28 FCC Rcd. 6574 (2013)." Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 168 (2016).

36. Vineet Mehra authorized and were aware of Chimes telemarketing texts, yet failed to intervene, directing agents to continue these practices. Vineet Mehra and his agents were responsible for ensuring compliance with TCPA and MTSA regulations. Vineet Mehra knew—or should have known—the campaign was non-compliant but did not take effective steps to stop the violations and calls before 8 am or after 9 pm in Massachusetts. A reasonable company and Vineet Mehra accepting "warm transfer" calls should investigate to ensure compliance with TCPA and MTSA rules.

37. Vineet Mehra approved, reviewed and or wrote the telemarketing scripts, submitted them, and directed third-party agents to send the texts. Vineet Mehra acted as agents for Chime, with Chime granting him access to its information and systems.

## ARTICLE III STANDING

38. Plaintiff has Article III, prudential and statutory standing to bring this lawsuit for violation of my privacy and unauthorized use and damage to my battery on my home (cellular telephone).

39. Defendant Chime and Vineet telephonic sales calls caused Plaintiff harm, including *INVASION OF PRIVACY including trespass, annoyance, nuisance, invasion of privacy, and intrusion upon seclusion*, inconvenience, aggravation, wear and tear to my cell phone, loss of battery charge and life, and per-kilowatt electricity cost required to recharge his home (cellular telephone) as a result of increased usage of plaintiff's cell phone services.

40. Defendant Chime and Vineet and Vineet text messages occupied storage space on Plaintiff's telephone and wore down my battery.

41. Under Article III of the U.S. Constitution, standing requires that a plaintiff demonstrate a concrete injury that is fairly traceable to the defendant's actions and likely to be redressed

by a favorable court decision like this Verified Complaint points out. In the context of the

Telephone Consumer Protection Act (TCPA) and the Massachusetts Telemarketing Sales

Act (MTSA), plaintiffs may establish standing by showing harm resulting from

unsolicited communications, such as nuisance, invasion of privacy, or financial costs

(e.g., data usage or cell phone charges). Courts have found that unsolicited calls and texts

to numbers on the Do Not Call Registry meet the injury-in-fact requirement, as they

constitute an invasion of legally protected interests under both federal and state

telemarketing laws.[3]

**CAUSES OF ACTION**

**COUNT I : VIOLATION OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. § 227(b)(3) and (c)(5), AND 47 C.F.R. §§ 64.1200(c)-(e)**

**DO NOT CALL REGISTRY**

**DEFENDANTS SAFR, CEO, CHIMES & VINEET**

42. Plaintiff repeats and realleges the above paragraphs as if fully stated herein.

43. Per the TCPA, no entity shall initiate any telemarketing to any residential number,
    registered on the National Do Not Call Register ("DNCR"). See 47 C.F.R. §§ 64.1200(c)-
    (e). Unless (1) the telemarketer has an established business relationship with the
    consumer whose number is being called, or (2) the telemarketer has the consumer's
    written consent to be called. See 47 U.S.C. § 227(a)(4).

44. Plaintiffs home telephone number has been registered on the National Do Not Call
    Registry since July 19, 2023, when defendants placed the two calls to plaintiffs home
    phone number 413-302-6079. See Exhibit 1.

---

[3] The plaintiff rejoins that: (1) he has plausibly alleged the use of an ATDS; (2) he has properly
pled that his cell phone is a residential line; (3) 47 C.F.R. § 64.1200(d) was implemented
pursuant to 47 U.S.C. § 227(c) and thus contains a private right of action; and (4) he has properly
pled vicarious liability. Rosenberg v. LoanDepot.com LLC, 435 F. Supp. 3d 308, 323 (D. Mass.
2020).

45. Defendant Chime and Vineet violated the TCPA 47 U.S.C. § 227 ( c) (5) and 47 C.F.R. §§ 64.1200(c)-(e) by: Initiating two unsolicited Calls to Plaintiff's home phone 413-302-6079 without consent, or for an emergency purpose, while my number was on the Do Not Call Registry, and Placing more than one call within a twelve-month period.

46. Both calls Chime and Vineet made or authorized where willfully and knowingly as they knew they were not registered with the office and therefore knew they would and could call a customer that was registered on the national and state Do Not Call Registry.

47. Plaintiff request each and every violation per call (Text) to be a fine to the Defendants Safr, CEO, Chime and Vineet, each call and or text has at least three violation in it.

48. Violation of the DO NOT CALL REGISTRY ("DNC") 47 U.S.C. § 227(b)(3), (c)(5), AND 47 C.F.R. §§ 64.1200(c)-(e)  as to defendants Safr, CEO, Chime and Vineet, each defendant should be fined $500 each for violation of 47 U.S.C. § 227(b)(3), (c)(5), AND 47 C.F.R. §§ 64.1200(c)-(e)

**Wherefore:** Plaintiff seeks statutory damages of $500 per violation, or up to $1,500 per violation pursuant to 47 U.S.C. § 227(b)(3), 47 U.S.C. § 227 (c)(5), AND 47 C.F.R. §§ 64.1200(c)-(e) for any calls made willfully or knowingly from Chime and Vineet. Such other relief as the Court deems just and proper.

## COUNT II

### VIOLATION OF THE MTSA

### DO NOT CALL PROVISION  M.G.L., c. 159C, § 3

### (and 201 C.M.R. § 12.02(1) and § 12.04.)

### DEFENDANTS SAFR, CEO, CHIMES & VINEET

50.Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

51.Defendant Chime and Vineet made unsolicited telephonic sales calls to Plaintiff home telephone number 413-302-6079, 32 days after it was registered with the Massachusetts do-not-call registry, in violation of M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1).

52. Massachusetts General Laws Chapter 159C, Section 3, outlines specific restrictions on unsolicited telephonic sales calls to consumers.

53. Defendant Chime and Vineet prohibited from calling plaintiffs telephone numbers when it was listed on the state's "Do Not Call" registry when it placed the two calls on April 24, 2024, at 7:25 AM before 8:00 a.m., local time at the consumer's location.

54. Defendants Safr, CEO, Chime and Vineet failed to register as a Telemarketer in Massachusetts with the Office, in violation of 201 C.M.R., § 12.04. (MTSA) 159 c et al. each defendant should be fined up to $5000 for each violation of 201 C.M.R., § 12.04. and (MTSA) 159 c.

55. Defendants Safr, CEO, Chime and Vineet, each defendant should be fined up to $5000 each violation of M.G.L., c. 159C, § 3,DO NOT CALL PROVISION M.G.L., c. MTSA 159C, § 3 (and 201 C.M.R. § 12.02(1).

**Wherefore:** As a result of this conduct, Defendants Safr, CEO, Chime and Vineet knowingly and willfully have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 per violation, whichever is greater and any such other relief as the Court deems just and proper

**COUNT III**

**FAILED TO REGISTER WITH THE OFFICE**

**VIOLATION OF THE MTSA 159 c et al.**

**DEFENDANTS SAFR, CEO, CHIMES & VINEET**

56. Plaintiff repeats and realleges the above paragraphs as if fully stated herein.

57. Defendant Chime and Vineet failed to register with the Office, in violation of 201 C.M.R., § 12.04. Telephone solicitors making calls to Massachusetts consumers are required "to properly register on an annual basis with the Office."

58. Defendant Chime and Vineet have failed to satisfy a basic, threshold requirement for conducting telephone solicitations in Massachusetts, that telephone solicitors must "have an approved registration prior to soliciting any Massachusetts consumers." 201 C.M.R., § 12.04(3).

59. Defendant Chime and Vineet also failed to comply with the requirement of 201 C.M.R. § 12.04(3) that they keep and consult the latest version of the Massachusetts do-not-call registry.

60. As a result of this conduct, Defendant Chime and Vineet have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 for each MTSA violation, whichever is greater.

61. The MTSA, as outlined in 201 C.M.R. § 12.02(1) and other applicable sections, prohibits telephone solicitation to numbers registered on the state Do Not Call Registry.

62. Defendants Safr, CEO, Chime and Vineet failed to register as a Telemarketer in Massachusetts with the Office, in violation of 201 C.M.R., § 12.04. (MTSA) 159 c et al. each defendant should be fined up to $5000 for each violation of 201 C.M.R., § 12.04. and (MTSA) 159 c.

63. Defendants Chime and Vineet authorized the Calling before 8:00 AM, and they Failed to obtain proper registration with the Office prior to soliciting in Massachusetts, Using an ATDS, and Initiating multiple unsolicited calls.


**Wherefore:** Plaintiff seeks injunctive relief, prohibiting Defendant Chime and Vineet from further violating the MTSA and actual or statutory damages up to $5,000 per violation under (MTSA) 159 c et al. et al., whichever is greater. Such other relief as the Court deems just and proper.


### COUNT IV
### VIOLATION OF TCPA § 47 C.F.R. 64.1200(c)(1-2)
### CALLING BEFORE 8 AM OR AFTER 9 PM
### DEFENDANTS SAFR, CEO, CHIMES & VINEET

64. Plaintiff repeats and realleges the above paragraphs as if fully stated herein.

65. Defendant Chimes and Vineet and or their agents or Third Parties initiated two calls on April 25, 2024, at  7:25 AM to plaintiffs home phone that was registered on the State and National DNC Registry, without written consent or an emergency purpose before 8AM..

66. Violation of TCPA § 47 C.F.R. 64.1200(c)(1-2) - Calling Before 8 AM

67. Defendant initiated a call to Plaintiff's cellular telephone number before 8:00 AM, which is registered as a home phone on both the National Do Not Call Registry and the state do-not-call registry.

68. C.F.R. § 64.1200(c)(1) states that "No person or entity shall initiate any telephone solicitation to: Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)."

69. The regulations also provide that calls made to residential numbers cannot be made before the hours of 8 a.m. or after 9 p.m., 47 C.F.R. 64.1200(c)(1-2), and that companies or persons can only initiate such calls if they have instituted procedures to maintain a list of persons who request not to receive telemarketing calls made on behalf of that person or company. 47 C.F.R. 64.1200(d).

70. Pursuant to 47 C.F.R. § 64.1200(c)(1), no person or entity shall initiate any telephone solicitation to a residential telephone subscriber before the hour of 8:00 AM local time.

71. Pursuant to 47 C.F.R. § 64.1200(c)(2), no person or entity shall initiate a telephone solicitation to any subscriber registered on the National Do Not Call Registry or state do-not-call list unless an exception applies.

72. Plaintiff's cellular telephone number has been registered as a residential line with the National and state do-not-call lists since [Insert Registration Date Here], and Defendant had no valid reason or consent to contact Plaintiff.

73. By calling Plaintiff before 8:00 AM in violation of § 64.1200(c)(1), and despite the do-not-call registration in violation of § 64.1200(c)(2), Defendant has willfully and knowingly violated the TCPA.

74. As a direct result of Defendant's violations, Plaintiff has suffered harm, including invasion of privacy, nuisance, lost time, Battery life, and storage on my cellular device.

75. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff seeks injunctive relief, actual or statutory damages of up to $500 per violation, and treble damages of up to $1,500 per call for willful or knowing violations.

76. Calling before 8 AM or after 9 PM is a TCPA Violation § 47 C.F.R. 64.1200(c)(1-2) as to defendants Safr, CEO, Chime and Vineet each defendant should be fined $500 for each violation of 47 C.F.R. 64.1200(c)(1-2).

**Wherefore,** Plaintiff respectfully requests judgment against Defendant for:

Injunctive relief preventing future calls from Defendant in violation of the TCPA,

Statutory damages of up to $500 for each call made in violation of the TCPA,

Treble damages for willful or knowing violations $1500 per violation,

Any other relief the court deems just and proper.

## COUNT V
## CALLING BEFORE 8 AM VIOLATION OF 201 CMR 12.03. MTSA 159 c
## DEFENDANTS SAFR, CEO, CHIMES & VINEET

77. Plaintiff repeats and realleges the above paragraphs as if fully stated herein.

78. Defendant Chimes and Vineet and or their agents or Third Parties initiated two calls on April 25, 2024, at 7:25 AM to plaintiffs home phone that was registered on the State and National DNC Registry, without written consent or an emergency purpose before 8AM..

79. Defendant Chime and Vineet violated 201 C.M.R. § 12.02 § (1) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer if the consumer's name and telephone number appear on the then current quarterly "do not call" registry maintained by the Office of Consumer Affairs and Business Regulation as otherwise detailed within 201 CMR 12.03.

80. Defendant Chime and Vineet (and/or their affiliates, agents, and/or other persons or entities acting on Defendant Chime behalf) made unsolicited telephonic sales calls before 8 AM to Plaintiff when Plaintiff was registered with the Massachusetts do-not-call registry, in violation of M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1)).

81. Defendant Chime and Vineet violated 201 C.M.R. § 12.02 § (1) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer if the consumer's name and telephone number appear on the then current quarterly "do not call" registry maintained by the Office of Consumer Affairs and Business Regulation as otherwise detailed within 201 CMR 12.03.

82. Defendant Chime and Vineet (and/or their affiliates, agents, and/or other persons or entities acting on Defendant Chime behalf) made unsolicited telephonic sales calls before

8 AM to Plaintiff when Plaintiff was registered with the Massachusetts do-not-call registry, in violation of M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1)).

83. Defendants Safr, CEO, Chime and Vineet called the plaintiff before 8AM or after 9 PM in Violation of 201 CMR 12.03. and the TCPA § 47 C.F.R. 64.1200(c)(1-2) each defendant should be fined $500 up to $1500 for each violation of 47 C.F.R. 64.1200(c)(1-2).

84. Defendants Safr, CEO, Chime and Vineet Calling before 8 AM and after 9 pm, violated the MTSA 159 c et al. and 201 CMR 12.03. as to each defendant shall be fined $5000 for each violation of MTSA 159 c.

**Wherefore:** Plaintiff seeks injunctive relief, prohibiting Defendant Chime and Vineet from further violating the MTSA and demand actual and statutory damages up to $5000.00 per violation, for violation of 159 c et al. and $500- $1500 per violation under C.F.R. § 47 C.F.R. 64.1200(c)(1-2) whichever is greater for Knowingly and Willingly placing the calls and any such other relief as the Court deems just and proper

## COUNT VI

### VIOLATION OF MASSACHUSETTS GENERAL LAW CHAPTER 93A

### (UNFAIR AND DECEPTIVE TRADE PRACTICES)

### DEFENDANTS SAFR, CEO, CHIMES & VINEET

85. Plaintiff repeats and realleges the above paragraphs as if fully stated herein.

86. At all times relevant the Defendants Chimes and Vineet was engaged in trade or commerce within the meaning of G.L. c. 93A §2. and where not registered as a Telemarketer in Massachusetts with the Office of Consumer Affairs and Business Regulation before making the two telephone solicitations calls to the plaintiff a Massachusetts residents.

87. 940 C.M.R. § 3.16(4) provides that an act or practice violates M.G.L. c. 93A, §2 "if it

violates the Federal Trade Commission Act, the Federal Consumer Credit Protection Act or other federal consumer protection statutes within the purview of M.G.L. c. 93A, s. 2."

88. The TCPA and MTSA was promulgated for the protection of consumers.

89. 940 C.M.R. §3.16(3) provides that an act or practice violates M.G.L. c. 93A, §2 "if it fails to comply with existing statutes, rules, regulations, or laws, meant for the protection of the public's health, safety or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide consumers of this Commonwealth protection."

90. The Massachusetts Telephone Solicitations Act, M.G.L. c. 159C et seq., (the "MTSA") and the regulations promulgated under the authority of the MTSA impose strict pre-conditions, limitations and restrictions on unsolicited telephonic sales calls made to Massachusetts residents, and any such calls not in compliance with any of these pre-conditions, limitations and restrictions are prohibited.

91. Defendants engaged in unfair and deceptive practices (acts) MGL 93a which violated 201 CMR 12.04 § 1 when defendants failed to register with the Massachusetts Office of Consumer Affairs and Business Regulation on an annual (Yearly) basis like other lawful telemarketers before placing telemarketing solicitation calls to the plaintiff without consent or for an emergency purpose, while  plaintiff telephone number was registered on the National & State Do Not Call Registry.

92. The Defendants has engaged in unfair and deceptive practices (acts) declared unlawful by G.L. c. 93A. Such acts of unfair competition include, but are not limited to, unreasonable invasion of Plaintiff's privacy and intrusion upon his seclusion.

93. It was also an unfair and deceptive practices (acts) for the Defendants Chimes and Vineet to harass Plaintiff through harassing telemarketing calls to Plaintiff's cellphone without his prior express written consent, or for an emergency purpose when defendants where not registered with the office as other telemarketers had to do.

94. The Defendants engaged in unfair and deceptive practices (acts) by systematically placing, on a large scale, unsolicited and harassing telemarketing calls to consumers in Massachusetts including the plaintiff in order to aggressively market their products and or services, which results in substantial injury to Massachusetts consumers in the form of

invasions of privacy, while giving the Defendants an unfair competitive advantage over businesses that solicit business lawfully and register with the office.

95. The Defendants phone harassment campaign that has been unleashed onto Plaintiff is against public policy, Privacy, immoral, unethical, and oppressive, and caused Plaintiff substantial harm was unfair and deceptive practices (acts).

96. Plaintiff was not required to send the Defendants a 30-day Massachusetts Consumer Protection Act, G.L. c. 93A, Demand Letter, because defendants do not have assets property or offices here in Massachusetts.

97. The Defendants violations of G.L. c. 93A were willful and knowing when they failed to register with the office and still called Massachusetts consumer including plaintiff before 8 AM. on April 2, 2024, at 7:25 AM.

98. An award of punitive and or trebled damages is appropriate because Defendants conduct described above was outrageous, willful, and wanton, and showed reckless disregard for the rights of Plaintiff and Massachusetts consumers, generally.

99. Defendants conduct in repeatedly calling Plaintiff's phone, despite it being registered on the Do Not Call Registry and calling before 8:00 AM constitutes an unfair and deceptive trade practice under M.G.L. c. 93A.

100. While Chapter 159C establish various prohibitions and requirements for telemarketers. For instance, Section 3 of Chapter 159C prohibits telemarketers from making unsolicited telephonic sales calls to consumers who have registered on the state's "no sales solicitation calls" list.

101. Therefore, a telemarketer operating without proper registration violates provisions of Chapter 159C by, for example, contacting consumers who have opted out of such communications.

102. While the failure to register as a telemarketer in Massachusetts directly violates 201 CMR 12.03, it also lead to violations of Chapter 159C if the unregistered telemarketer engages in activities prohibited by that chapter as defendants did.

103. Defendant's lack of registration with the Office, failure to respect Do Not Call Registry laws, and use of an ATDS without consent were willful and knowing violations, entitling Plaintiff to triple damages, punitive damages, attorney's fees, and costs.

**Wherefore:** Plaintiff seeks Triple (Trebled) damages, punitive damages, attorneys fees and cost of bringing this lawsuit for the above violations of MGL 93 A and any such other relief as the Court deems just and proper.

## COUNT VI

### Use of an Automatic Telephone Dialing System
### TCPA 47 U.S.C. § 227(b)(l)(A)(iii) and 47 CFR § 64.1200(a)(l)(iii)
### DEFENDANTS SAFR, CEO, CHIMES & VINEET

104.    Plaintiff repeats and realleges the above paragraphs as if fully stated herein.

105.    The TCPA regulates the making of "any call (other than a call ... made with the prior express consent of the called party) using any automatic telephone dialing system ... (iii) to any number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii). "Automatic telephone dialing system" ("ATDS") means "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). See Inc. v. Duguid, 141 S. Ct. 1163, 1167 (2021).

106.    Defendant Chime Chime's and Vineet Called plaintiff or authorized the calling to plaintiffs home (cellular telephone) two times with an Automatic Telephone Dialing System which was registered 32 days before the two calls on April 24, 2024, at 7:25 AM which were contrary to 47 U.S.C. § 227(b)(l)(A)(iii) and 47 CFR § 64.1200(a)(l)(iii).

**WHEREFORE,** Plaintiff respectfully prays for judgment against Defendants as follows: Statutory Damages: of $500 for each negligent violation of the TCPA by Defendants, pursuant to 47 U.S.C. § 227(b)(3)(B); Treble Damages: For treble damages of up to $1,500 for each willful or knowing violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C); Injunctive Relief: from further use of an Automatic Telephone Dialing System to contact Plaintiff or any other consumers without prior express consent, pursuant to 47 U.S.C. § 227(b)(3)(A); Costs and Fees: For all costs of suit incurred and Other Relief: For such further relief as the Court deems just and proper.

## COUNT VII

### Violation of the Telephone Consumer Protection Act (TCPA) – Failure to Comply with Record-Keeping Requirements

### DEFENDANTS SAFR, CEO, CHIMES & VINEET

107.     Plaintiff repeats and realleges the above paragraphs as if fully stated herein.

108.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

109.     Pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and as detailed under the Federal Communications Commission (FCC) regulations, telemarketers and businesses are required to retain certain records for a period of five (5) years. This requirement was enacted to ensure compliance with the TCPA and to allow regulatory bodies and affected parties to effectively monitor, verify, and enforce compliance with telemarketing rules.

110.     Under 47 C.F.R. § 64.1200(b)(2), the FCC mandates that entities engaged in telemarketing maintain records for at least five years, including but not limited to:

111.     Records of all telemarketing campaigns, including scripts, call details, dates, and other relevant information.

112.     Documentation of consumer consent where applicable, including the date and manner in which consent was obtained.

113.     Records of any consumer requests to be placed on a "Do Not Call" list, including the date of the request and any subsequent action taken in response.

114.     Plaintiff alleges that Defendant failed to comply with these record-keeping requirements by:

115.     Failing to maintain and/or retain adequate records of its telemarketing communications as required under 47 C.F.R. § 64.1200(b)(2).

116.     Failing to retain consumer consent records for telemarketing calls or text messages directed at Plaintiff.

117.     Failing to properly document Plaintiff's and/or other consumers' requests to be added to Defendant's "Do Not Call" list, where applicable.

118.    Defendant's failure to adhere to the TCPA's five-year record-keeping requirement constitutes a violation of the TCPA, 47 U.S.C. § 227, and corresponding FCC regulations under 47 C.F.R. § 64.1200(b)(2).

119.    As a direct and proximate result of Defendant's actions and failure to comply with the TCPA's record-keeping requirements, Plaintiff has been damaged by:

120.    The inability to verify, substantiate, or contest telemarketing communications initiated by Defendant due to a lack of proper records.

121.    The deprivation of Plaintiff's right to effective redress of grievances as contemplated by the TCPA.

122.    Plaintiff seeks statutory damages, injunctive relief, and any other relief deemed just and proper by the Court for Defendant's violation of the TCPA's record-keeping provisions.


**Wherefore:** Plaintiff demands $500 per call and or $1500 per calls under 47 U.S.C. § 227(b)(l)(A)(iii) and 47 CFR § 64.1200(a)(l)(iii) because both calls where Knowingly and Willingly.

## JURY DEMAND

**Plaintiff request a jury trial as to all claims of the complaint so triable.**

Paul Jones

79 Thompson Street                                January 20, 2025

Springfield, Ma 01109

617-939-5417

Pj22765@gmail.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

## STATE OF MASSACHUSETTS

Plaintiff Paul Jones states as follows

I, Paul Jones, verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and I am over the age of 21 years old. I have written this complaint and I have firsthand knowledge of the facts in this verified complaint and can testify in court of these facts.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

January 20,2025

Signature:

Paul Jones, Plaintiff

79 Thompson Street

Springfield, Ma 01109

617-9395417