IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL JONES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SAFR TECHNOLOGIES, INC., SYED GILANI, CHIME FINANCIAL INC., and VINEET MEHRA,<br><br>　　　　　Defendants. | Case No. 1:24-cv-13082 |

**DEFENDANTS SAFR TECHNOLOGIES, INC.
AND SYED GILANI'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Safr Technologies, Inc. and Syed Gilani ("Safr Defendants") hereby move to dismiss the complaint filed by *pro se* Plaintiff Paul Jones. As set forth below, Mr. Jones, a serial plaintiff who has filed numerous similar actions in this Court, has failed to plead a viable claim. Moreover, Mr. Jones acknowledges in the Complaint itself that the subject communications were business communications made by a business-to-business provider, to a phone number that is listed as a business number on a federal directory as to which the Court can take judicial notice. As such, the limited number of clearly business related text messages cannot support a claim under either federal or Massachusetts law.

**I.    Plaintiff's History of Litigation**

As we noted in our prior filing with the Court in response to Mr. Jones' motion for remand, Mr. Jones is a serial plaintiff who has filed numerous actions in this court and in state court for well over a decade. *See, e.g., Jones v. Syncrony Bank, et al.*, Case No. 3:24-cv-30027-MGM (D. Mass., filed February 14, 2024) (FDCPA and Chapter 93A claims); *Jones v. Montachusetts*

*Regional Transit Auth.*, 2023 WL 9233970 (1st Cir. Nov. 30, 2023) (TCPA claims); *Jones v. Modivcare Solutions, LLC*, 3:23-cv-12303-MGM (D. Mass., filed September 11, 2023) (wage and discrimination claims); *Jones v. Robinson*, 2022 WL 95932 (D. Mass. Jan. 10, 2022) (MGL 183 and MGL 244 claims); *Jones v. Bank of New York*, 542 F.Supp.3d 44 (D. Mass. 2021) (Chapter 93A claims); *Jones v. Dolan Connly, P.C.*, 2019 WL 6841823 (D. Mass. Dec. 16, 2019) (FDCPA and MGL 244 claims); *Jones v. Carter Business Service Inc.*, Case No. 1:21-cv-11589-IT (D. Mass., filed September 28, 2021) (TCPA and Chapter 159C claims); *Jones v. Revenue Assistance Program*, 2016 WL 3919843 (D. Mass. July 14, 2016) (TCPA, MTSA and Chapter 93A claims); *Jones v. Experian Information Solutions*, 2016 WL 3945094 (D. Mass. July 19, 2016) (TCPA and MFDCPA claims); *Jones v. Experian Information Solutions, Inc.*, 141 F.Supp.3d 159 (D. Mass. 2015) (FDCPA and TCPA claims); *Jones v. NCO Financial Servs.*, 2014 WL 6390633 (D. Mass. Nov. 14, 2014) (TCPA and Chapter 93A); *Jones v. FMA Alliance Ltd.*, 978 F.Supp.2d 84 (D. Mass. 2013) (TCPA and Chapter 93A); *Jones v. Client Services, Inc.*, Case No. 1:13-cv-11274-NMG (D. Mass., filed May 28, 2013) (TCPA); *Jones v. Central Portfolio Control, Inc.*, Case No. 1:13-cv-11325-DPW (D. Mass., removed May 31, 2013) (TCPA claims); *Jones v. GC Services Limited Partnership*, Case No. 1:13-cv-11281-FDS (D. Mass., removed May 29, 2013) (TCPA claims).

Any assessment of this case must be made with a clear understanding of Plaintiff's litigation history and use of judicial resources. *See, e.g., Laccinole v. International Union of Police Assns. AFL-CIO*, 638 F.Supp.3d 110, 115 n.5 (D.R.I. 2022) (noting that professional Plaintiff may lack standing) (citing *Stoops v. Wells Fargo Bank, N.A.*, 197 F.Supp.3d 782, 798, 800 (W.D. Pa. 2016) (where plaintiff files TCPA actions as a business, the protections of the TCPA are not implicated).

## II.     The Subject Phone Number Is a Federally Published Business Number

As noted by Judge Kelley in the *Experian* case, "the telephone numbers at which Plaintiff received calls *are registered to businesses*, not to individuals." 141 F.Supp.3d at 163 (emphasis added). Likewise here, the number at issue with regard to the Safr Defendants is a number registered to a medical transportation business owned by Mr. Jones, Commonwealth Community Recovery Division (CCRD), Inc. and is listed as such on numerous federal public databases, including the National Provider Identifier (NPI) Registry, which is a free directory of all active NPI records.[1] *See* Exhibit A, attached hereto. Specifically, medical service providers acquire unique 10-digit NPIs to identify themselves and their businesses in a standard way throughout the medical services industry. In this case, Mr. Jones and CCRD obtained the NPI "1275928459" and associated the telephone number "617-939-5417" to that business on the NPI Directory.[2] Individuals or organizations apply for NPIs through the CMS National Plan and Provider Enumeration System (NPPES), and NPESS publishes the parts of the NPI record that have public relevance, including the provider's name, specialty and contact information, including phone numbers. This database is specifically maintained to allow providers to be contacted in connection with the medical services they provide, and by applying for and receiving a NPI, the provider understands they may be contacted in connection with their business. *See Campos v. TJX Cos.,*

---

[1] The website can be found here: https://npidb.org/organizations/transportation_services/non-emergency-medical-transport-van_343900000x/1275928459.aspx. It is well-settled that the Court may take judicial notice of public records maintained on a government database, including the NPPES NPI Registry. *See, e.g., Thomas v. Nessinger*, 2024 WL 5263703 at *4 (D. R.I. Dec. 31, 2024) ("Court may take judicial notice of the FBOP public database"); *Gardner v. Cape Cod Healthcare, Inc.*, 344 F.R.D. 127, 131 n.7 ("A court may take judicial notice of a company's corporate headquarters on government and corporate websites."); *Retina Assocs. Med. Grp. V. Alliancemed, LLC*, 2020 WL 1071361, at *2 (C.D. Cal. Feb. 12, 2020) (taking judicial notice of NPI information on public website); *Dinkins v. Region Ten CSB*, 289 F.Supp.3d 756, 759 n.5 (W.D. Va. 2018) (taking judicial notice of information on the NPPES NPI Registry).

[2] Mr. Jones has also publicly associated the number with other businesses on the Internet, including an electrician business and the Huckie Tuckie Puppets Playhouse. *See* https://www.qdexx.com/US/MA/Springfield/Electricians/US-MA-Springfield-Electricians-Commonwealth-Cummunity-Recovery-Division/.

*Inc.*, 2025 WL 360677, at*5 (D. Mass. Jan. 31, 2025) (dismissing TCPA claim where plaintiff elected to receive communications by joining a subscriber list).

Safr is not a consumer company, but is a business to business ("B2B") company offering technology support to professional medical transportation providers. As Judge Kelley found in the *Experian* case, the telephone number at which Plaintiff received the subject texts from Safr is registered to a business and the purpose of the texts was in no way a consumer communication. As such, the number cannot qualify for inclusion on the National Do Not Call Registry ("DNC") and cannot support a claim for violation of either the TCPA or the MTSA. *See Worsham v. Discount Power, Inc.*, 2021 WL 50922, at *4 (D. Md. Jan. 6, 2021) (dismissing TCPA and MDTCPA claims with prejudice and noting "because Worsham has held publicly that the subject phone number is a business phone number, he cannot not register it with the DNC for purposes of avoiding business-to-business calls") (citing *Shelton v. Target Advance LLC*, 2019 WL 1641353, at *6 (E.D. Pa. April 16, 2019)); *McDermet v. DirecTV, LLC*, 2021 WL 217336, at *13 (D. Mass. Jan. 21, 2021) (noting that the MTSA only applies to calls or texts to "consumers" and that the provisions of the MTSA mirror those of the TCPA with regard to scope and prohibited activity). For this reason alone, the claims in the Complaint should be dismissed.

### III. The Texts at Issue Are Neither Consumer Advertisements Nor Telemarketing

The Court need go no further than the allegations of the Complaint itself to confirm that the nature of the subject texts was business-to-business and not a consumer communication. Specifically, in Paragraph 22 of the Complaint, Plaintiff alleges:

> Defendant Safr products also included a Credit Card Processor and an Invoicing & Billing Machine (Product) that would take the complexity out of my billing and improve my payables with real time invoicing and monitoring tools that would give me understanding of my financial health *of my business* in real time.

Complaint, ¶ 22.  Clearly, only a business would have invoicing, billing and payables.  *See Worsham*, 2021 WL 50922, at *5 (rejecting claim that communications were consumer communications).  Likewise, reviewing the actual texts themselves, as set forth in the Complaint, it is clear that at most these texts notified Plaintiff of a business opportunity, offered a free business support service and provided a survey, all of which also fall outside the scope of the TCPA and the MTSA.  Complaint ¶ 19 (showing texts which discuss "opportunities" and ask a poll question about a "free" business software product).  *See, e.g., Gerrard v. Acara Solutions Inc.*, 469 F.Supp.3d 96, 99 (W.D.N.Y. 2020) (dismissing TCPA claims and noting that where the subject messages involved employment opportunities, "the text messages are neither advertisements nor telemarketing, as those terms are defined in the TCPA's implementing regulations") (citing *Friedman v. Torchmark Corp.*, 2013 WL 4102201, at *5-7 (S.D. Cal. April 16, 2013) (dismissing case with prejudice where two calls to a residential landline were "similar to an offer of employment" and therefore were neither unsolicited advertisements nor telephone solicitations); *Ambassador Animal Hosp., Ltd. v. Elanco Animal Health, Inc.*, 74 F.4th 829, 831-32 (7th Cir. 2023) ("The TCPA does not go so far as to prohibit sending faxes on company letterhead to promote free education on topics that relate to the sender's business"); *Edwards v. Signify Health, Inc.*, 2023 WL 3467558, at *2 (D. Nev. May 12, 2023) ("Put simply, Edwards fails to state a plausible claim because the defendants' phone calls offered him a free healthcare service and thus were not made for the purpose of telemarketing or soliciting the purchase, rental of, or investment in property, goods or services"); *Katz v. Focus Forward, LLC*, 22 F.4th 368, 373-74 (2d Cir. 2022) (rejecting argument that invitation to participate in a survey violates the TCPA). [3]

---

[3] Plaintiff also brings a claim for failure to register in Massachusetts as a telemarketer.  However, the regulations cited by Plaintiff make clear that such requirements only apply to consumer communications designed to sell a consumer product or service.  201 C.M.R. § 12.00 (defining a telephone solicitation as a consumer communication).  Here, the texts themselves make clear that they meet none of these criteria.

### IV.  Plaintiff Improperly Engages in Group Pleading and Has Failed to Plead That He Made a Demand as Required by Chapter 93A

At a minimum, pleadings must give each defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Specifically, a "complaint should at least set forth minimal facts as to who did what to whom, when, where and why." *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Where, as here, "a plaintiff brings a claim against multiple defendants , the plaintiff must draft his complaint in such a manner that it is clear what the alleged factual allegations and legal claims are against each individual defendant" and "cannot simply refer to the defendants collectively where it cannot be reasonably inferred that all the defendants engaged in the alleged misconduct." *Burnham v. Dudley Dist. Ct.*, 2015 WL 5698418, at *5 (D. Mass. Sept. 28, 2015).

In his Complaint, Plaintiff has asserted claims against four defendants, two corporations and two individuals. Despite there being no obvious connection between certain defendants, he repeatedly lumps them together and makes no effort to specify the exact conduct of each defendant individually and also lumps all legal claims against all defendants. Given the clear statements in his complaint about the business nature of certain communications and the fact that his claims do not involve one phone number but multiple phone numbers, especially given the Plaintiff's apparent use of multiple phone numbers in part as a basis to commence litigation, it is imperative that he separate out each specific claim and detail the specific conduct of each defendant. While it seems clear that his claims fail for the reasons stated above, the complaint also fails as a matter of pleading. *See Verlus v. Experian*, 2024 WL 3402766, at *2 (D. Mass. July 12, 2024).

Plaintiff also brings claims under Chapter 93A, but fails to specify under which section of Chapter 93A he seeks his remedy. Obviously, if he were to allege a violation of Section 11, that would mean he admits the matter involves a business-to-business dispute and his claims would

6

fail. Consequently, he necessarily must be alleging a violation of Section 9, as applicable to consumers. Notwithstanding that the texts themselves are clearly not consumer texts selling consumer services, Plaintiff also fails to plead or provide any evidence that he made the required demand before filing this lawsuit. As such, the Chapter 93A claims must be dismissed. *See McDermet*, 2021 WL 217336, at **15-16 (dismissing Chapter 93A claims for failure to make a demand) (citing *Costello v. Bank of America, N.A.*, 2014 WL 293665, at *4 (D. Mass. Jan. 27, 2014). Moreover, a violation of the TCPA alone is insufficient to state a Chapter 93A claim. *Id.* (citing *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 503 (2013)).

Finally, Plaintiff brings a claim under the TCA provisions regarding the use of an automatic dialing system, but has no allegations whatsoever in that regard. Solely due to the complete lack of pleading any facts supporting that claim, the cause of action can be dismissed. *Worsham*, 2021 WL 50922, at *3 (dismissing claims where plaintiff "asserts absolutely no facts" to support the allegation that the defendant used an automatic dialing system); *Gary v. TrueBlue, Inc.*, 346 F.Supp.3d 1040, 1046-1047 (E.D. Mich. 2018) (rejecting claim that defendant utilized an automatic dialing system), *aff'd*, 786 Fed. Appx. 555 (6th Cir. 2019).

## V. Conclusion

Public documents as to which this Court may take judicial notice confirm that Mr. Jones has published the phone number relevant to the Safr Defendants as a business number associated with his medical transportation business. Safr provides no consumer products or services, but instead provides a technology platform to businesses and business owners who run medical transportation businesses. Ignoring his own allegations that the subject texts related to business services, as well as clearly knowing the subject phone number is associated with his transportation business, Plaintiff has nonetheless alleged violations of the TCPA, his Constitutional rights and

state law.  As a start-up business in Massachusetts, Safr can ill afford spending its limited resources on unsupported and frivolous litigation brought by a professional plaintiff with over a decade of litigation history and as many as a dozen different phone numbers he uses to bring these claims. *See, e.g., Jones v. Revenue Assistance Program*, 2016 WL 3919843, at *1 (noting that Jones has "registered various telephone numbers [] under his name and through a 'Voice over IP' service provider").  The claims against the Safr Defendants should be dismissed with prejudice.

DATED: February 7, 2025                                  Respectfully submitted,

                                                SEYFARTH SHAW LLP

                                                By:   */s/ Christopher F. Robertson*
                                                      Christopher F. Robertson
                                                      BBO No. 642094
                                                      crobertson@seyfarth.com
                                                      SEYFARTH SHAW LLP
                                                      Seaport East
                                                      Two Seaport Lane, Suite 1200
                                                      Boston, Massachusetts  02210-2028
                                                      Telephone:  (617) 946-4800
                                                      Facsimile:  (617) 946-4801

*Counsel for the Safr Defendants*

315591648v.2

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2025, I presented the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  A copy has also been sent via electronic mail to the following:

> Paul Jones, *plaintiff pro se*
> 79 Thompson Street
> Springfield, MA  01109
> Telephone:  413-302-6079
> Email:  pj22765@gmail.com

> */s/ Christopher F. Robertson*
> Christopher F. Robertson
> *Counsel for the Safr Defendants*

**RULE 7.1(A)(2) CERTIFICATE**

I hereby certify that on February 7, 2025, I conferred with Plaintiff Paul Jones in good faith in an effort to resolve of narrow the present motion, and no such resolution or narrowing was possible.  In fact, Mr. Jones responded by asking me not to waste his time and noted that litigating is something he "loves to do."

> */s/ Christopher F. Robertson*
> Christopher F. Robertson
> *Counsel for the Safr Defendants*