UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES,

     Plaintiff,

      v.

SAFR TECHNOLOGIES, INC., et al.,

     Defendants.

Civil Action No. 24-13082-MGM

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
(Dkt. No. 32)
August 7, 2025

MASTROIANNI, U.S.D.J.

## I.  BACKGROUND

Plaintiff, Paul Jones, proceeding pro se, filed this action in state court against two distinct

sets of defendants. He alleged both groups of defendants engaged in activities that violated the

federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; the Massachusetts

Telephone Solicitation Act ("MTSA"), Mass. Gen. Laws c. 159C, § 1 et seq.; and the Massachusetts

consumer protection statute ("93A"), Mass. Gen. Laws c. 93A, § 2. One set of defendants, Safr

Technologies, Inc. and Syed Gilani, (hereafter "Defendants") removed the case to federal court.

Following removal, Defendants moved to dismiss the claims against them; the other group of

defendants reached a settlement with Plaintiff. For the reasons set forth below, Defendants' Motion

to Dismiss (Dkt. No. 32) is ALLOWED as to Counts II, III, V, VIA, VIB, and VII, and DENIED

as to Counts I and IV.

## II.    MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court accepts all well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor, but "do[es] not credit legal labels or conclusory statements." *Cheng v. Neumann*, 51 F.4th 438, 443 (1st Cir. 2022). "While a district court is generally limited to considering facts and documents that are part of the complaint, it may also consider documents incorporated by reference in the complaint, matters of public record, and other matters susceptible to judicial notice." *Newton Covenant Church v. Great Am. Ins. Co.*, 956 F.3d 32, 35 (1st Cir. 2020) (internal quotations and original alterations omitted). Dismissal is appropriate if the complaint fails to establish at least one "material element necessary to sustain recovery under some actionable legal theory." *N.R. by and through S.R. v. Raytheon Co.,* 24 F.4th 740, 746 (1st Cir. 2022) (internal quotations omitted).

## II.

## III.    SPECIAL CONSIDERATIONS APPLICABLE TO COMPLAINTS FILED BY PRO SE PLAINTIFFS

"Our judicial system zealously guards the attempts of pro se litigants on their own behalf." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Recognizing the difficulties pro se plaintiffs face, the courts construe pro se complaints liberally. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75 (1st Cir. 2014). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed*, 118 F.3d at 890. Like other plaintiffs, "even a pro se plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Adams v. Stephenson*, 116 F.3d 464

(1st Cir. 1997) (unpublished table decision) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)). Holding all plaintiffs, including pro se plaintiffs, to this standard is necessary to ensure every defendant is "afforded both adequate notice of any claims asserted against him and a meaningful opportunity to mount a defense." *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (internal quotations omitted).

## III. FACTUAL ALLEGATIONS

Safr Technologies is a Delaware corporation with an office and principal place of business in Massachusetts. (Compl., Dkt. No. 1-1, ¶ 8.) It sells software for tracking and monitoring drivers and products for invoicing and billing clients to non-emergency medical transportation ("NEMT") businesses. (*Id.* at ¶¶ 21-22.) Syed Gilani is the chief operating officer. (*Id.* at ¶ 9.)  In his Complaint,[1] Plaintiff alleged Defendants sent four text messages to a specific cellular telephone number between October, 16, 2024 and November 11, 2024. (*Id.* at ¶¶ 17-20.) He states the telephone number has been on both the national and Massachusetts "do not call" lists since August 7, 2014. (*Id.* at ¶ 12.) Currently, the number is used by Plaintiff as a "residential line" and "exclusively for his personal purposes," but he previously used the number in connection with a transportation business he no longer operates. (*Id.* at ¶¶ 13, 23.) Plaintiff alleges he never authorized Defendants "to call any of [his] home telephone numbers." (*Id.* at ¶ 23.)

The Complaint contains screenshots of the four text messages. Each was clearly aimed at operators of NEMT businesses. The first message encouraged "[t]ransportation providers" looking to increase their revenue to access Defendants' NEMT software through a link to their website. The

---

[1] After removal, Plaintiff filed motions for remand and for leave to amend his complaint. (Dkt. Nos. 12 & 13.) The court found both motions moot after Plaintiff sought to "strike or dismiss" his motion to remand and asked to maintain his original complaint. (Dkt. No. 24.) As a result, the operative complaint continues to be the one originally filed in state court.

other three messages asked recipients "how likely are you to recommend this NEMT software?" and provided a link recipients could use to access additional details. Plaintiff received two text messages between 9:00 a.m. and 10:00 a.m.; the other two were received at 6:00 a.m. All four text messages informed recipients they could "[r]eply STOPSAFR to stop receiving" text messages. They were sent from the same phone number, which does not bear a Massachusetts area code; Plaintiff has not made any other allegations related to this phone number.

## IV.    DISCUSSION

Plaintiff's Complaint includes eight separate counts[2] alleging violations of the TCPA and associated regulations, the MTSA and associated regulations, and 93A. Although Defendants are included in the headings for each count, the specific facts set forth all relate to telephone calls made by the other, unrelated group of Defendants. Nonetheless, as Plaintiff is proceeding pro se and has clearly set forth the factual allegations related to Defendants, the court construes each count as asserting a claim based on the four text messages sent by Defendants.

Counts II, III, and V assert claims for violations of the MTSA. Text messages are not referred to in the statute, which prohibits "unsolicited telephonic sales call[s] to a consumer" if (1) "the consumer's name and telephone number" appear on the "do-not-call" list maintained pursuant to the statute; (2) the call is made before 8:00 a.m. or after 8:00 p.m., (3) the call is "in the form of electronically transmitted facsimiles," or (4) is made using a recorded message device. Mass. Gen. Laws c. 159C, § 3. A "telephonic sales call" is defined as "a call made by a telephone solicitor to a consumer" for one of several purposes. *Id.* at § 1. Neither "call" or "telephonic call" is defined in the statute, but the "plain and ordinary meaning" of those terms is a simultaneous audio communication

---

[2] Plaintiff's eight counts are numbered I through VII, with two separate counts numbered VI. For consistency, the court will use the numbers provided by Plaintiff, except that VIA and VIB will be used to distinguish the counts that share a number.

4

between two telephones. *See Commonwealth v. Russo*, 236 N.E.3d 1171, 1176-77 ("Where the statute itself does not define a term, we look to its plain and ordinary meaning.") The inclusion of specific language prohibiting calls "in the form of electronically transmitted facsimiles" demonstrates the legislature's understanding that, on their own, the terms "call" and "telephonic sales call" are not broad enough to include faxes sent using telephone infrastructure. Although at the time of drafting the legislature understood how to prohibit additional types of communications made using telephone infrastructure, the statute does not mention text messages or cellular phones. Without such language, the court concludes the statutory prohibition against certain "calls" or "telephonic calls" does not apply to text messages. Since Plaintiff has only alleged Defendants sent him text messages, Counts II, III, and V are dismissed for failure to state a claim.

The court also dismisses Count VIA, Plaintiff's claim that Defendants engaged in unfair or deceptive trade practices in violation of Mass. Gen. Laws c. 93A, § 2. Under the statute, a consumer must send a written demand for relief to the defendant "[a]t least thirty days prior to filing" an action seeking damages for a violation. Mass. Gen. Laws c. 93A, § 9; *see also Casavant v. Norwegian Cruise Line Ltd.*, 952 N.E.2d 908, 913 (Mass. 2011) (detailing the information that must be included in a 93A demand letter). As Plaintiff has not alleged that he sent Defendants a demand prior to filing this action, he has failed to state a claim under the statute.

Claims, asserted in Counts I, IV, VIB, and VII, allege Defendants violated provisions of the TCPA prohibiting calls to cellular phones made using automatic telephone dialing systems ("ATDS") (Count VIB) and telephone solicitations to residential telephone subscribers outside certain hours (Count IV) or to a number placed on the national "do-not-call" list (Count I). 47 U.S.C. § 227(b)(1)(A)(iii), (c); 47 C.F.R. §§ 64.1200(c)(1)-(2). Like the MTSA, the TCPA regulates "calls" and does not directly address the sending of text messages. However, the statute does contain provisions applicable to cellular telephones, and the First Circuit has previously held the

5

statute "applies to other forms of communication, such as text messages." *Breda v. Cellco P'ship*, 934 F.3d 1, 4 n.1 (1st Cir. 2019). Plaintiff also alleges a violation of a five-year recordkeeping requirement imposed by the TCPA and detailed at 47 C.F.R. § 64.1200(b)(2). The court dismisses this final claim (Count VII) because neither the TCPA nor the cited regulation contain the type of recordkeeping requirement described by Plaintiff.

Under the TCPS, an ATDS "must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021). The key criteria is that calls are made to telephone numbers created through the use of a random or sequential number generator. *Id.*; *see also Borden v. eFinancial, LLC*, 53 F.4th 1230, 1233 (9th Cir. 2022) (concluding, based on the text of the TCPA and *Duguid*, that a device is not an ATDS if it randomly or sequentially dials specific numbers stored in the device, but rather "must randomly or sequentially generate *telephone* numbers" (emphasis in original)). In this case, Plaintiff's bare allegation that Defendants used an ATDS is insufficient to plausibly state a claim. The text messages Defendants sent were clearly targeted to operators of NEMT businesses, a niche audience that cannot be effectively targeted using telephone numbers generated randomly or sequentially. Plaintiff concedes he previously operated a transportation business, but he has not described whether or how the telephone number was used in connection with that business. Together, these facts undercut Plaintiff's claim that Defendants violated the TCPA by sending him text messages using an ATDS. Accordingly, the court grants Defendants' motion to dismiss Count VIB.

Plaintiff's remaining claims allege Defendants violated the TCPS by sending text messages to a phone number listed on the national "do not call" list (Count I) and by sending two text messages that were received by Plaintiff before 8:00 a.m. (Count IV). Pursuant to the TCPS and regulations promulgated by the Federal Communications Commission ("FCC"), telephone solicitations cannot

be directed to "residential telephone subscribers" who have placed their telephone number on the national do-not-call list or "before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)." 47 U.S.C. § 227(b); 47 C.F.R. § (c)(1)-(2). The TCPA does not define the criteria used to determine whether a telephone number used for both personal and business activity is residential. 47 US.C. 227; *see also Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1223 (9th Cir. 2022). In 2003, the FCC ruled that numbers assigned to cellular telephones and placed on the "do not call" list are presumed to be residential. *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 324 (D. Mass. 2020) (citing *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003)); *see also Chennette*, 50 F.4th at 1223. The FCC subsequently declined to make a blanket exception to the rule for "home-based businesses," instead saying simply that it will determine whether a "mixed-use" phone is a residential line on a case-by-case basis. *Chennette*, 50 F.4th at 1224 (citing *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 20 FCC Rcd. 3788, 3793 (2005)). The First Circuit has not previously addressed this issue, but a majority of the courts that have done so, including courts within this district, have found that cellular phones may be residential lines for purposes of the TCPA, even if the phone is also used for business matters. *Id.* (collecting cases); *see also Rosenberg*, 435 F. Supp. 3d at 324 (holding plaintiff's allegations that he used his cellular phone as his residential line and had placed the number on the "do not call" list were adequate to plead the cellular telephone was a residential line for purposes of applying the TCPA); *Mantha v. Quotewizard*, 2021 WL 6061919 (D. Mass. Dec. 13, 2021) (granting summary judgment to a plaintiff who was the subscriber for a cellular telephone he used while working for his employer); *Sagar v. Kelly Auto. Group, Inc.*, 2021 WL 5567408 (D. Mass. Nov. 29, 2021) (rejecting argument that the FCC erred in ruling cellular telephones can be residential lines under the TCPA).

Despite this case law, Defendants argue the claims should be dismissed because Plaintiff has not adequately alleged they sent text messages to a residential line. Specifically, they contend the

court should take judicial notice that the text messages were sent to a telephone number listed in an entry for a medical transportation business on a publicly accessible database maintained by the federal government and find the texts were not sent to a residential line.[3] Even if the court takes judicial notice of the listing, the court cannot conclude that Plaintiff failed to allege he is a "residential telephone subscriber" with respect to the relevant telephone number. The presence of the telephone number in the federal database does not tell this court how the database is maintained, when the number was added, or who added the number. Additionally, since the court is deciding a motion to dismiss, the court must credit Plaintiff's allegations that he no longer operates a transportation business, uses the relevant telephone number exclusively for personal purposes, and the number has been on the national "do not call" list since 2014. These allegations, construed in Plaintiff's favor, are sufficient to allege Defendants sent the four text messages to a residential line. *See Rosenberg*, 435 F. Supp. 3d at 324. As Plaintiff has also alleged the telephone number was on the "do not call" list at that time, and that two of the text messages were received at 6:00 a.m., the court concludes he has properly alleged violations of 47 U.S.C. § 227(c) in Counts I and IV.

## V.    CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss (Dkt. No. 32) is ALLOWED as to Counts II, III, V, VIA, VIB, and VII and DENIED as to Counts I and IV.

It is so Ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge

---

[3] Defendants have not argued that cellular telephones can never be residential lines under the TCPA, only that listing the number in a business directory supersedes any residential use, even for telephone numbers on the "do not call" list.