UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL JONES,<br><br>        Plaintiff,<br><br>v.<br><br>SAFR TECHNOLOGIES, INC., et al.<br><br><br>        Defendants. | Civil Action No. 3:24-cv-13082-MGM |

PLAINTIFF'S MOTION FOR CERTIFICATION

OF INTERLOCUTORY APPEAL

**Pursuant to 28 U.S.C. § 1292(b)** Now Comes the Plaintiff Paul Jones, pro se, and respectfully moves this Court to certify for interlocutory appeal its August 7, 2025, Memorandum and Order (Doc. 48) to the United States Court of Appeals for the First Circuit. The ruling involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation.

1

Interlocutory appeals under § 1292(b) require an order: (1) involving a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); see *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005).

## BACKGROUND

On August 7, 2025, the Court granted in part Defendants' motion to dismiss, finding that the statutory terms "calls" and "telephonic calls" in the Massachusetts Telemarketing Sales Act ("MTSA"), M.G.L. c. 159C, do not encompass text messages. The Court further held that the "recorded message device" and "telephonic sales call" provisions of the MTSA are inapplicable to text messages, and that a text message is not made using a recorded message as set forth in M.G.L. c. 159C, § 3. (Doc. 48, p. 4).

Plaintiff respectfully submits that certification under 28 U.S.C. § 1292(b) is warranted, particularly given that Plaintiff suffers a lifelong injury to his leg, which compounds the personal impact of persistent, unwanted telemarketing contacts.

## ARGUMENT

The Order Presents a Controlling Question of Law and There is Substantial Ground for Difference of Opinion: The legal question is whether a text message sent to a consumer's cellular phone constitutes a "call" or "telephonic call" under the MTSA. This is a pure question of statutory interpretation, requiring no factual determinations. If the First Circuit answers "yes," Plaintiff's dismissed claims are reinstated; if "no," they remain dismissed. The resolution directly controls the scope of the litigation.

The MTSA is modeled after the neighboring provision of the TCPA and should be construed consistently with federal interpretations given its consumer-protection purpose.

The MTSA is modeled after the neighboring provision of the TCPA, and should be construed consistently with federal interpretations, particularly given its consumer-protection purpose. There is a substantial legal disagreement on whether text messages constitute "calls" under the Massachusetts telemarketing Sales Act statute telemarketing statutes Mass. Gen. Laws c. 159C. Massachusetts Law

The legal question is whether a text message sent to a consumer's cellular phone constitutes a "call" or "telephonic call" under the MTSA. This is a pure statutory interpretation question requiring no resolution of factual disputes. If the First Circuit answers "yes," Plaintiff's dismissed statutory claims are reinstated; if "no," those claims remain dismissed. The resolution of this question will directly control the scope and direction of the case.

There is extensive federal precedent under the TCPA interpreting "call" to include text messages:

- FCC Interpretation: *In re Rules & Regulations Implementing the TCPA of 1991*, 18 F.C.C.R. 14014, ¶ 165 (2003) (text messages are calls).
- Ninth Circuit: *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).
- Supreme Court: *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) ("A text message to a cellular telephone... qualifies as a 'call'").
- First Circuit: *Breda v. Cellco Partnership*, 934 F.3d 1, 4 n.1 (1st Cir. 2019) (TCPA applies to text messages).

- More recent: *Barton v. Temescal Wellness, LLC*, 76 F.4th 425, 429 (1st Cir. 2023).
- Third Circuit: *Gager v. Dell Fin. Servs.*, LLC, 727 F.3d 265, 269 (3d Cir. 2013).

There has been much litigation over the meaning of "call" in a neighboring provision of the TCPA: 47 U.S.C. § 227(b)(1)(A). The FCC interpreted this section, which prohibits making calls using automatic telephone dialing systems or artificial or prerecorded messages to "encompass[] both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls." In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C.R. 14014, 14115 (2003). The Ninth Circuit held that this interpretation was entitled to deference under Chevron U.S.A, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843–44 (1984) because it "is consistent with the dictionary's definition of call in that it is defined as 'to communicate with or try to get into communication with a person by telephone'" and because it "is also consistent with the purpose of the TCPA—to protect the privacy interests of telephone subscribers." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009).

Supreme Court Precedent under the neighboring provision of the TCPA
In 2016, the Supreme Court wrote under the neighboring federal law , "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)." Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156 (2016). The Supreme Court alluded to the issue citing Campbell-Ewald Co. in a footnote, but expressly leaving the question unresolved. See Facebook, Inc. v. Duguid, 141 S. Ct. 1163, 1168 n.2 (2021) ("Neither party disputes that the TCPA's prohibition also extends to sending unsolicited text messages. . . . We therefore assume that it does without considering or resolving that issue."). The First Circuit has interpreted Campbell-Ewald Co. to hold that "[t]he TCPA also applies to . . . text messages."

Breda v. Cellco Partnership, 934 F.3d 1, 4 n.1 (1st Cir. 2019) (involving 47 U.S.C. § 227(b)(1)(A)(iii)).

FCC Orders Precedent under the neighboring provision of the TCPA has expressly held that a text message is a "call" for TCPA purposes. In re Rules & Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶ 165 (2003). The FCC also has since interpreted § 227(c) to include text messages. See In re Emanuel "Manny" Hernandez; Click Cash Mktg., LLC; & Rock Solid Traffic, 2018 WL 6830220 at *1 (F.C.C. Dec. 21, 2018) ("It is illegal for persons or entities, including advertisers and marketers, to make marketing calls to telephone numbers listed on the DNC. This prohibition under the neighboring TCPA law includes both voice calls and text messages."). See Sagar v. Kelly Automotive Group, Inc.

First Circuit Precedent under the neighboring provision of the TCPA
Barton v. Temescal Wellness, LLC, 76 F.4th 425, 429 (1st Cir. 2023) (text messages fall within TCPA restrictions on "calls").

Other Circuit Precedent under the neighboring provision of the TCPA
Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 269 (3d Cir. 2013); Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009) (both holding texts are "calls").

**Immediate Appeal May Materially Advance the Termination of the Litigation**

If the First Circuit reverses, Plaintiff's dismissed statutory claims will proceed without duplicative discovery or trial. If affirmed, the litigation is narrowed immediately, conserving judicial and party resources.

The First Circuit recognizes certification as appropriate when it "could substantially shorten the litigation." *Caraballo-Seda*, 395 F.3d at 9. Here, resolution of the statutory interpretation issue will avoid piecemeal litigation and ensure consistency with federal precedent.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **CERTIFY** its August 7, 2025, Memorandum and Order (Doc. 48) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b); and

2. **STAY** further proceedings pending resolution of the appeal.

Respectfully submitted,
Date: August 12, 2025

/s/ Paul Jones
Paul Jones
79 Thompson Street
Springfield, MA 01109
617-939-5417
pj22765@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2025, I caused a true and correct copy of the foregoing Motion for Certification of Interlocutory Appeal to be served via the Court's CM/ECF system on all counsel of record.

/s/ Paul Jones

Paul Jones

79 Thompson Street

Springfield, MA 01109

617-939-5417

pj22765@gmail.com

Christopher F. Robertson

crobertson@seyfarth.com

Seyfarth Shaw LLP

Seaport East

Two Seaport Lane, Suite 1200

Boston, Massachusetts 02210

Telephone: (617) 946-4800