## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL JONES,<br><br>               Plaintiff,<br><br>   v.<br><br>SAFR TECHNOLOGIES, INC., SYED GILANI, CHIME FINANCIAL INC., and VINEET MEHRA,<br><br>               Defendants. | Case No. 1:24-cv-13082 |

### DEFENDANTS SAFR TECHNOLOGIES, INC. AND SYED GILANI'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

Defendants Safr Technologies, Inc. and Syed Gilani submit this opposition to the Plaintiff's Motion for Certification of Interlocutory Appeal.  In short, as Plaintiff's own cited authorities confirm, "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances." *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005).  No such exceptional circumstances exist here.  The Court's decision to grant the dismissal of Plaintiff's claims under the Massachusetts Telephone Solicitation Act ("MTSA") is grounded in the specific language of the statute, which expressly does not include text messages.  Citing *Commonwealth v. Russo*, 494 Mass. 356 (2024), the Court reviewed the statutory language itself along with the legislative history that demonstrated the Massachusetts legislature understood the scope and meaning of the specific terms in the statute. The Court then correctly concluded the language did not include text messages.

As stated in *Caraballo-Seda*, the First Circuit "as a general rule, [does] not grant interlocutory appeals from a denial of a motion to dismiss."  395 F.3d at 9.  *See also Conservation Law Foundation, Inc. v. Town of Barnstable*, 2025 WL 2176063, at *1-2 (D. Mass. July 31, 2025)

(denying motion); *United States v. McCord Corp.*, 2025 WL 1581787, at *1 (D. Mass. June 4, 2025) (denying motion).  Citing *McGillicuddy v. Clements*, 746 F.2d 76 n.1 (1st Cir. 1984), the First Circuit further noted that the district court should not have considered the interlocutory appeal in the first place.  395 F.3d at 9.  The First Circuit grounded this decision on its "prudential concerns about mootness, ripeness, and lengthy appellate proceedings."  *Id.* (citing *In re Heddendorf*, 263 F.2d 887, 888-89 (1st Cir. 1959)).  Those concerns exist equally here, and there is no need to engage in piecemeal litigation, especially where there are certain factual issues with respect to the Plaintiff and his business interests and business use of his cell phone that may be dispositive not only of his remaining federal claims, but also the state law claims independent of this Court's holding with regard to the scope of the statute.  There is no need to delay these proceedings on an issue that may prove to be moot.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court deny the motion for interlocutory review.

DATED: August 26, 2025

Respectfully submitted,

SAFR TECHNOLOGIES, INC. and SYED GILANI,

By their attorneys:

 /s/ Christopher F. Robertson
Christopher F. Robertson (BBO No. 642094)
crobertson@seyfarth.com
Seyfarth Shaw LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210
Telephone:     (617) 946-4800
Facsimile:       (617) 946-4801

319947346v.1

## CERTIFICATE OF SERVICE

      I hereby certify that on August 26, 2025, a copy of the foregoing document was filed electronically through the Court's ECF system. Electronic copies were served on the plaintiff, who is pro se:

Paul Jones
79 Thompson Street
Springfield, MA 01109
(413) 302-6079
PJ22765@gmail.com

Pro Se

                                                  /s/ Christopher F. Robertson
                                                  Christopher F. Robertson

319947346v.1